EXHIBIT C

Civil Action No. 4:21-cv-1417

Case 4:21-cv-01417   Document 1-4   Filed on 04/29/21 in TXSD   Page 1 of 11

3/17/2021 9:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51545511
By: Rhonda Momon
Filed: 3/17/2021 9:47 AM

2021-15368 / Court: 080

CAUSE NO. _____

| | | |
|---|---|---|
| **YODANIA CASTILLO PADILLA**<br>*Plaintiff,* | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **v.** | §<br>§<br>§ | **HARRIS COUNTY, TEXAS** |
| **TIMOTHY CHARLES HUTSON,**<br>**GT EXPRESS, INC.,** *and*<br>**TRUCK AND TRAILER GROUP, L.L.C.**<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**NOW COMES**, Yodania Castillo Padilla ("Plaintiff") complaining of and about Timothy Charles Hutson, GT Express, Inc., and Truck and Trailer Group, L.L.C. (collectively, as "Defendants"), and for cause of action would respectfully show the Court that:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190.

### JURISDICTION AND VENUE

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### PARTIES AND SERVICE

3. Plaintiff, Yodania Castillo Padilla resides in Harris County, Texas.

4. Defendant, Timothy Charles Hutson is an individual who resides in Dauphin County at 1208 Susquehanna Street, Harrisburg, Pennsylvania 17102-2753. Service of said Defendant may be effected by serving the Chair of the Texas Transportation Commission by a legal process server at:

> J. Bruce Bugg, Jr., Chairman
> Texas Transportation Commission
> 125 E. 11th Street
> Austin, Texas 78701-2483

The citation should direct the Chair of the Texas Transportation Commission to forward the citation and petition to:

> Timothy Charles Hutson
> 1208 Susquehanna Street
> Harrisburg, Pennsylvania 17102-2753.

5. Defendant, GT Express, Inc. (hereinafter "GT Express") is a foreign corporation who is not registered in Texas. Because GT Express is operating its business in Texas but has failed to register as required under Chapter 9 of the Texas Business Organizations Code, service may be obtained on the Texas Secretary of State. Service of process through the Texas Secretary of State can be obtained by Certified Mail at:

> Service of Process
> Secretary of State
> PO Box 12079
> Austin, Texas 78711-2079

Or in person at:

> Service of Process
> Secretary of State
> James E. Rudder Building
> 1019 Brazos, Room 105
> Austin Texas 78701

The citation should direct the Secretary of State to forward the and citation and petition to GT Express' registered agent at its business address:

> Eric J. Emerson, EMERSON & ELDER, P.C.
> as registered agent for
> GT Express, Inc.
> 53 W. Jackson Boulevard, Suite 526
> Chicago, Illinois 60604-4292

Certified Document Number: 94850814 - Page 2 of 10

6. Defendant, Truck and Trailer Group, L.L.C. (hereinafter "Truck & Trailer Group") is a foreign corporation who is not registered in Texas. Because Truck & Trailer Group is operating its business in Texas but has failed to register as required under Chapter 9 of the Texas Business Organizations Code, service may be obtained on the Texas Secretary of State. Service of process through the Texas Secretary of State can be obtained by Certified Mail at:

> Service of Process
> Secretary of State
> PO Box 12079
> Austin, Texas 78711-2079

Or in person at:

> Service of Process
> Secretary of State
> James E. Rudder Building
> 1019 Brazos, Room 105
> Austin Texas 78701

The citation should direct the Secretary of State to forward the and citation and petition to Truck & Trailer Group, L.L.C.'s registered agent at its business address:

> Eric J. Emerson, EMERSON & ELDER, P.C.
> as registered agent for
> Truck & Trailer Group, L.L.C.
> 53 W. Jackson Boulevard, Suite 526
> Chicago, Illinois 60604-4292

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

7. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00. Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount of damages the Plaintiff is seeking at this time and reserve their right to amend or supplement in accordance with the Texas Rules of Civil Procedure.

## FACTS

8. On or about October 07, 2019, Plaintiff was southbound on SH 36 when suddenly

Certified Document Number: 94850814 - Page 3 of 10

and without warning, Defendant, Timothy Charles Hutson attempted to pass the Plaintiff while driving on the right shoulder of the road. The investigating police officer from the Texas Department of Public Safety believed that Defendant, Hutson's failure to pass on the right safely was a likely contributing factor. The collision with Plaintiff's vehicle was a major collision, causing Plaintiff to suffer multiple and severe damages including but not limited to personal injuries and property damage.

9. Defendant, Timothy Charles Hutson's aforementioned conduct, constitutes negligence, gross negligence, and/or negligence *per se* for one or more of the following reasons:

### CAUSES OF ACTION AGAINST DEFENDANT, HUTSON

10. Defendant, Hutson's aforementioned conduct constitutes negligence, and gross negligence for one or more of the following reasons:

   a. Failed to operate the vehicle safely;

   b. Failed to keep a proper lookout;

   c. Failed to permit sufficient space between his vehicle and the vehicle in front of him to avoid the collision;

   d. Failed to control his speed;

   e. Failed to take proper evasive action;

   f. Passing a vehicle on the right when unsafe;

   g. Violated applicable, local, state and federal laws and/or regulations;

   h. Other acts so deemed negligent.

11. Defendant, Hutson should also be held liable as negligent *per se* to the extent that his negligent acts or omissions constitute a violation of the Texas Transportation Code or any other law.

12. Defendant, Hutson's breach of duty proximately caused injuries and resulting damages to Plaintiff.

**Negligence Per Se pursuant to Texas Transportation Code §545.057**

13. Because Defendant, Hutson attempted to pass the Plaintiff to the right when unsafe, Defendant, Hutson violated TEX. TRANSP. CODE §545.057 which states:

> Sec. 545.057. Passing to the right.
>
> (a) An operator may pass to the right of another vehicle only if conditions permit safely passing to the right and:
>
>> (1) the vehicle being passed is making or about to make a left turn; and
>>
>> (2) the operator is:
>>
>>> (A) on a highway having unobstructed pavement not occupied by parked vehicles and sufficient width for two or more lines of moving vehicles in each direction; or
>>>
>>> (B) on a one-way street or on a roadway having traffic restricted to one direction of movement and the roadway is free from obstructions and wide enough for two or more lines of moving vehicles.
>
> (b) An operator may not pass to the right by leaving the main traveled portion of a roadway except as provided by Section 545.058.

Defendant has no legal excuse for violating this statute.

14. TEX. TRANSP. CODE § 545.057 is a statute designed to prevent harm to drivers and vehicles traveling on public roads.

15. Because the vehicle containing Plaintiff was struck by Defendant, Hutson's vehicle when Defendant, Hutson drove a commercial vehicle and attempted to pass another vehicle, using the right shoulder, when unsafe to do so, Defendant, Hutson's conduct was negligent and

Certified Document Number: 94850814 - Page 5 of 10

constituted a disregard for the safety of other persons and property. Plaintiff is of the class of persons TEX. TRANSP. CODE § 545.057 was designed to protect and his injuries and damages are of the type TEX. TRANSP. CODE § 545.057 was designed to prevent.

16. Defendant's unexcused violation of TEX. TRANSP. CODE § 545.057 proximately caused Plaintiff's injuries and damages.

**Negligence Per Se Texas Transportation Code §545.401**

17. Because Defendant, Hutson drove in a reckless and dangerous manner, Defendant, Hutson violated TEX. TRANSP. CODE §545.401 which states:

> Sec. 545.401. RECKLESS DRIVING; OFFENSE.
>
> (a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.
>
> (b) An offense under this section is a misdemeanor punishable by:
>
> > (1) a fine not to exceed $200;
> > (2) confinement in county jail for not more than 30 days; or
> > (3) both the fine and the confinement.
>
> (c) Notwithstanding Section 542.001, this section applies to:
>
> > (1) a private access way or parking area provided for a client or patron by a business, other than a private residential property or the property of a garage or parking lot for which a charge is made for the storing or parking of motor vehicles; and
> >
> > (2) a highway or other public place.

Defendant has no legal excuse for violating this statute.

18. TEX. TRANSP. CODE § 545.401 is a statute designed to prevent harm to drivers and vehicles traveling on public roads.

19. Because the vehicle containing Plaintiff was operated by Defendant, Hutson in a reckless manner with a willful and wanton disregard for the safety of persons or property

Certified Document Number: 94850814 - Page 6 of 10

Defendant, Hutson violated TEX. TRANSP. CODE § 545.401. Plaintiff is of the class of persons TEX. TRANSP. CODE § 545.401 was designed to protect and his injuries and damages are of the type TEX. TRANSP. CODE § 545.401 was designed to prevent.

20. Defendant's unexcused violation of TEX. TRANSP. CODE § 545.401 proximately caused Plaintiff's injuries and damages.

## VICARIOUS LIABILITY

21. At all times material to this lawsuit, Defendant, Hutson was an employee, agent, an/or representative of Defendant, GHTC and was acting in he course and scope of his employment with Defendant, GHTC.

22. Consequently, Defendant, GHTC is vicariously liable to Plaintiff for the negligent conduct of Defendant, Hutson under the theory of *respondeat superior*.

## CAUSES OF ACTION AGAINST
## DEFENDANT, GT EXPRESS, INC. AND TRUCK AND TRAILER GROUP, L.L.C.

23. At all times material hereto, Defendant, Timothy Charles Hutson was acting in the course and scope of his employment for Defendant, GT Express, Inc., or Truck and Trailer Group, L.L.C. Consequently, Defendant, GT Express, Inc., or Truck and Trailer Group, L.L.C. are responsible for the acts and/or omissions of Defendant, Timothy Charles Hutson under the doctrine of *respondeat superior*. Plaintiff further plead that Defendant, GT Express, Inc., or Truck and Trailer Group, L.L.C. were negligent, grossly negligent, and/or negligent *per se* for one or more of the following reasons:

   a. Negligently entrusted a motor vehicle to an incompetent driver;

   b. Negligently hired and/or retained employees;

   c. Negligently trained and/or supervised employees;

   d. Violated applicable, local, state and federal laws and/or regulations;

  e. Negligently inspecting or maintaining a commercial vehicle in working order;

  f. Other acts so deemed negligent.

24. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

## DAMAGES

25. By virtue of the actions and conduct of the Defendants set forth above, Plaintiff were seriously injured and is entitled to recover the following damages:

  a. Past and future medical expenses;

  b. Past and future pain, suffering and mental anguish;

  c. Past and future physical impairment;

  d. Past and future physical disfigurement;

  e. Past lost wages and future loss of earning capacity;

  f. Property damage, including loss of use of Plaintiff's vehicle.

## EXEMPLARY DAMAGES

26. Defendants' acts or omissions described above, when viewed from the standpoint of said Defendants, at the time of the collision, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Based on the facts stated herein, Plaintiff request that exemplary damages be awarded to them from Defendants.

## JURY DEMAND

27. Plaintiff hereby demands a trial by jury.

Certified Document Number: 94850814 - Page 8 of 10

## REQUEST FOR DISCLOSURE TO DEFENDANTS

28. Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within the time proscribed and the materials and information required under Texas Rule of Civil Procedure 194.2. Defendants are instructed to answer separately.

## RULE 193.7 NOTICE

29. Plaintiff hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## PRAYER

30. Plaintiff prays that these citations are issued and served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

[signature on next page]

Respectfully submitted,

Law Offices of Marcos & Associates, P.C.

By: _____
Jason D. Goff
Texas Bar No. 24052857
Lupe Pena
Texas Bar No. 24084332
Alice Lima Lovchik
Texas Bar No. 24107845
Nefi K. Lopez
Texas Bar No. 24106219
Javier Marcos, Jr.
Texas Bar No. 24028925
228 Westheimer Road
Houston, TX 77006
Tel. (713) 528-7711
Fax. (713) 528-7710
Email: e-service_jason@marcoslaw.com
**ATTORNEYS FOR PLAINTIFF**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 29, 2021

Certified Document Number:     94850814 Total Pages:  10

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**